IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MELISSA LOUDERMILK,

           Plaintiff,

v.    CIVIL ACTION NO.   5:15-cv-16131

AUTOZONERS, LLC, and
AUTOZONE, INC.,

           Defendants.

TROY STUTLER,

           Plaintiff,

v.    CIVIL ACTION NO.   5:16-cv-04442

AUTOZONERS LLC and
AUTOZONE, INC.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff Melissa Loudermilk's *Motion to Consolidate Civil Action No. 5:16-cv-4442 and 5:15-cv-16131 and for a Stay Pending a Ruling on Consolidation* (Document 31), the *Memorandum of Law in Support* (Document 32), the *Defendant's Memorandum in Opposition* (Document 35), and the *Plaintiff's Reply to Defendant's Memorandum in Opposition* (Document 36). The Court has also reviewed the Plaintiff Troy

1

Stutler's *Motion to Consolidate Civil Action No. 5:16-cv-4442 and 5:15-cv-16131 and for a Stay Pending a Ruling on Consolidation* (Document 24), the *Memorandum of Law in Support* (Document 25), the *Defendant's Memorandum in Opposition* (Document 26), and the *Plaintiff's Reply to Defendant's Memorandum in Opposition* (Document 27). Further, the Court has reviewed the complaints in both actions. For the reasons stated herein, the Court finds that the Plaintiffs' motions should be granted and the cases consolidated.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff in Civil Action Number 5:15-cv-16131, Melissa Loudermilk, was an employee of the Defendants. Ms. Loudermilk initiated this action on November 5, 2015, in the Circuit Court of Greenbrier County, West Virginia. Defendants AutoZoners LLC and AutoZone, Inc., removed the matter to federal court on the basis of diversity jurisdiction on December 14, 2015. Ms. Loudermilk was employed by the Defendants at their Lewisburg, West Virginia, location as a Parts Sales Manager on September 26, 2012. Ms. Loudermilk alleges that she expressed a desire to be placed in a Customer Service Manager position that became available in April of 2014. She alleges that, although she was qualified for the Customer Service Manager Position, the position was instead given to a male who had less experience.

Ms. Loudermilk alleges that she was interviewed for and ultimately awarded a Store Manager position with the Defendants, but was terminated from her employment entirely in February of 2015. She alleges that this termination was purposefully designed to place a male in the Store Manager position. Ms. Loudermilk was reinstated to employment with the Defendants in May of 2015, but after filing this current action alleging disparate treatment based on her gender, was again terminated from her position on March 25, 2016. In her original complaint, Ms.

Loudermilk alleged gender discrimination, violations of the Equal Pay Act, 29 U.S.C. § 206(d), a principal/agent relationship between the Defendants and violations of the West Virginia Wage Payment and Collection Act ("WVWPCA"), W.Va. Code §21-5-1 *et seq*. Ms. Loudermilk amended her complaint on April 14, 2016, to include allegations of retaliatory harassment and discharge, retaliation for use of leave under the Family Medical Leave Act ("FMLA"), and invasion of privacy. The Court entered a scheduling order in the case on January 8, 2016, and both parties began to engage in the discovery process.

Troy Stutler, who was also an employee of the Defendants and a co-worker to Ms. Loudermilk, initiated a lawsuit against these same Defendants in the Circuit Court of Greenbrier County, West Virginia, on April 4, 2016. *See*, *Stutler v. AutoZoners, LLC et al.*, 5:16-cv-04442 (Document 1-1). The Defendants removed Mr. Stutler's lawsuit to federal court on May 18, 2016. This Plaintiff began employment with the Defendants in September of 2015. At the time Ms. Loudermilk filed her action against the Defendants, Mr. Stutler was a co-worker and friend of Ms. Loudermilk, and was disclosed as a witness in her lawsuit. Mr. Stutler was terminated from his employment in February of 2015. His employment was later reinstated, but he was again terminated, along with Ms. Loudermilk, on March 25, 2016. Mr. Stutler alleges that he was terminated because of a romantic relationship between himself and Ms. Loudermilk, a relationship they both deny. In his complaint, he alleges retaliatory discharge, violations of the WVWPCA, and a principal/agency relationship between the defendants. The Court entered a scheduling order in Mr. Stutler's action on June 16, 2016. Since that time, the parties have begun the discovery process. The Defendants filed a motion for partial summary judgment in Mr. Stutler's action, but

3

the Court denied that motion on the grounds that additional discovery was necessary. *See*, *Stutler v. AutoZoners, LLC et al.*, 5:16-cv-04442 (Document 28).

Ms. Loudermilk and Mr. Stutler both filed motions for consolidation on September 29, 2016. The Defendants filed their memorandum in opposition to the motions to consolidate in both cases on October 5, 2016, and both Ms. Loudermilk and Mr. Stutler filed a reply to the Defendants' memorandum in opposition in their respective actions on October 12, 2016. The motions are ripe for review.

## STANDARD OF REVIEW

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of civil actions. Rule 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated." Fed. R. Civ. Proc. 42(a). The Fourth Circuit Court of Appeals has given district courts the following guidelines to apply when considering a motion to consolidate actions:

> The critical question for the district court . . . was whether [1] the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits. [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982). However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Michael v. Wyeth, LLC*, No. CIV.A. 2:04-0435, 2011 WL 1527581, at *2 (S.D.W. Va. Apr. 20, 2011) (Copenhaver, J.).

## DISCUSSION

Ms. Loudermilk and Mr. Stutler seek consolidation of their respective civil actions before this court, arguing that their lawsuits share common factual and legal issues as well as witnesses. Both Plaintiffs argue that, because they were terminated by the same Defendants on the same dates and for similar reasons,[1] because the operative facts in both actions are largely the same, and because many of the same witnesses will be used, consolidation is appropriate. The Defendants argue that consolidation is inappropriate because, while the Defendants are the same in both cases, and while some facts and causes of action are similar, different individual issues predominate over the similar issues in a manner that increases the risk of prejudice and juror confusion.

The Court finds that the actions involve common questions of law and fact sufficient to consolidate the cases. The Plaintiffs in both actions were fired by the same Defendants at the same time, and both cases share many of the same witnesses. At trial, both Plaintiffs would need to put on evidence in support of alleged retaliation by the Defendants. That evidence is similar for both cases. Further, to some extent, the facts in Ms. Loudermilk's allegations of gender discrimination are relevant in Mr. Stutler's case, as he must prove that he was retaliated against because he witnessed the discriminatory acts alleged by Ms. Loudermilk and planned to testify concerning those acts. Clearly, both Plaintiffs' claims hinge on the same key facts. The Court recognizes that Ms. Loudermilk does allege some claims that differ from those of Mr. Stutler. However, with proper legal instructions to the jury, any potential risk of prejudice to the

---

1 Ms. Loudermilk alleges that she was terminated because, while still employed by the Defendants, she filed this action alleging that the Defendants engaged in practices of discrimination based on gender. Ms. Loudermilk alleges that she was subjected to retaliation for opposing these discriminatory practices, and that the Defendants' retaliation ultimately culminated in her termination on March 25, 2016. Mr. Stutler does not allege any discrimination based on gender, but he does allege that there was no legitimate reason for the termination of his employment. He alleges that he was subjected to retaliatory discharge by the Defendants simply because he agreed to testify on behalf of Ms. Loudermilk in her action before this Court.

Defendants or confusion is minimal. Principles of judicial economy also support consolidation. The parties and the Court will save significant time by holding one trial on the factually intertwined claims of both Plaintiffs. Having given consideration to the *Arnold* factors, the Court finds that the two cases share common factual and legal issues, and that consolidating the cases better conserves the resources of all parties and the Court.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motions to Consolidate Civil Action No. 5:16-cv-4442 and 5:15-cv-16131 and for a Stay Pending a Ruling on Consolidation* (Document 31 in Civil Action No. 5:15-cv-16131) (Document 24 in Civil Action No. 5:16-cv-04442) be **GRANTED** to the extent the motions seek consolidation of the two cases, and **TERMINATED AS MOOT** to the extent the motions seek a stay. Civil Action No. 5:15-cv-16131 shall be designated as the lead case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 17, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA